IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN LANDRY, JR., and DOMINIQUE MARTIN,<br><br>Defendants. | No. CR 13-00466-1, 2 JSW<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT FOR FAILURE TO ESTABLISH FEDERAL JURISDICTION**<br><br>**(Docket Nos. 292, 298)** |

Now before the Court is the motion to dismiss for failure to establish federal jurisdiction, filed by Defendant Melvin Landry, Jr. ("Landry"), which co-defendant Dominique Martin ("Martin") joins.[1] (Docket Nos. 292, 298.) The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. The Court VACATES the hearing scheduled for February 24, 2015, and it HEREBY DENIES the motion to dismiss.

**BACKGROUND**

In the Fourth Superseding Indictment ("Fourth SI"), the Government charges Landry and Martin with, *inter alia*, racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1962(c), RICO conspiracy, conspiracy to commit robbery affecting interstate commerce, in violation of 18 U.S.C. section 1951(a) (the

---

[1] Although Landry's brief contains all of the substantive arguments in favor of dismissal, the Court shall refer to Landry and Martin collectively as "Defendants."

"Hobbs Act"), and seven robberies, in violation of the Hobbs Act, which also are included as predicate acts in the RICO counts.

Each of the Hobbs Act robberies occurred at a business in the state of California. For example, in Count Four, the Government alleges that Landry robbed a McDonald's restaurant on International Boulevard in Oakland, California. (Fourth Sup. Ind. ¶ 30.) In Count Five, the Government alleges Landry and Martin robbed a McDonald's restaurant located off of U.S. Route 101 in Mill Valley, California. (*Id.* ¶ 31.)

The Court shall address specific additional facts as necessary in the remainder of this Order.

## ANALYSIS[2]

Defendants move to dismiss Counts One through Five, and Counts Seven, Nine, Twelve, Fourteen, and Seventeen, on the basis that there is an insufficient nexus to interstate commerce.[3] Defendants contend that, as a matter of law, the facts are insufficient to show the requisite jurisdictional nexus.

As to the RICO charges, in order to establish the requisite jurisdictional nexus, "all that is required to establish federal jurisdiction in a RICO prosecution is a showing that the

---

[2] Landry did not expressly state whether he moved to dismiss under Federal Rule of Criminal Procedure Rule 7 or Rule 12. However, based on his reply, it is clear that Landry is making a motion to dismiss for lack of jurisdiction under Rule 12. To the extent the Defendants move to dismiss the Fourth SI under Rule 7, the Court also would deny the motion. Under Rule 7, an indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains 'the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy.'" *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (quoting *United States v. Alber,* 56 F.3d 1106, 1111 (9th Cir. 1995)). "In ruling on a pre-trial motion to dismiss the indictment for failure to state an offense, the district court is bound by the four corners of the indictment . . . [and] must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002). "The indictment should be read as a whole and construed according to common sense." *Echavarria-Olarte v. Reno,* 35 F.3d 395, 397 (9th Cir. 1994); *accord Awad*, 551 F.3d at 936. Applying these standards, the allegations set forth in the Fourth SI are sufficient to withstand a Rule 7 motion to dismiss.

[3] Defendants argue that if the Court dismisses these Counts, it must also dismiss Counts Six, Eight, Ten, Eleven, Thirteen, Fifteen, and Eighteen which are dependent on the Hobbs Act Counts. Defendants have not moved to dismiss Count 16 or Counts 19 through 21.

individual predicate racketeering acts have a de minimis impact on interstate commerce." *United States v. Juvenile Male*, 118 F.3d 1344, 1348 (9th Cir.1997). The same is true for the Hobbs Act charges. *See United States v. Lynch*, 437 F.3d 902, 909 (9th Cir. 2006) (*en banc*); *United States v. Rodriguez*, 360 F.3d 949, 955 (9th Cir. 2004).

Defendants argue that the *de minimis* standard is not the constitutionally correct standard, in light of the United States Supreme Court's holdings in *United States v. Lopez*, 514 U.S. 549 (1995) and *United States v. Morrison*, 529 U.S. 598 (2000). However, both the Hobbs Act and the RICO statute are directed at activities that are economic in nature. *See, e.g., Juvenile Male*, 118 F.3d at 1348. Recognizing that fact, the Ninth Circuit has concluded that, as to both the Hobbs Act and the RICO statute, the *de minimis* standard survives *Lopez* and its progeny. *Lynch*, 437 F.3d at 908-09 (quoting *United States v. Huynh*, 60 F.3d 1386, 1389 (9th Cir. 1995) ("[t]he interstate nexus requirement is satisfied by 'proof of a probable or potential impact' on interstate commerce"); *United States v. Frega*, 179 F.3d 793, 800-801 (9th Cir. 1999) (concluding that *de minimis* standard applies to RICO charges); *see also United States v. Bolton*, 68 F.3d 396, 399 (10th Cir. 1995) (quoted with approval in *United States v. Atcheson*, 94 F.3d 1237, 1242 (9th Cir. 1996) ("*Lopez* did not . . . require the government to show that *individual* instances of the regulated activity substantially affect commerce to pass constitutional muster under the Commerce Clause. Rather, the Court recognized that if a statute regulates an activity which, through repetition, in aggregate has a substantial affect on interstate commerce, the *de minimis* character of individual instances arising under that statute is of no consequence.").

Here, the Government alleges that the Defendants robbed at least seven businesses. Although each of these businesses are located in California, they also are national chains. The Court concludes those allegations show a probable or potential impact on interstate commerce and, thus, are sufficient to withstand a motion to dismiss.[4] *See, e.g., Rodriguez*, 360 F.3d at 955

---

[4] Defendants rely on *United States v. Garcia*, 143 F. Supp. 2d 791 (E.D. Mich. 2000) to support their argument that the charges in this case do not establish a constitutionally sufficient nexus to interstate commerce. The Court does not find *Garcia* persuasive. In that case, "[t]he predicate acts that form[ed] the basis for the RICO counts

3

("Robbery of an interstate business . . . typically constitutes sufficient evidence to satisfy the Hobbs Act's commerce element.").

Accordingly, the Court DENIES Defendants' motion to dismiss for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: February 11, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[were] based solely on violations of Michigan's murder statutes . . . [and did] not include other allegations such as robbery[.]" 143 F. Supp. 2d at 797. The *Garcia* court also expressly recognized the Supreme Court "made clear that where activity is *economic in nature*, the cases have upheld Commerce Clause regulation of [even] intrastate activity." *Garcia*, 143 F. Supp. 2d at 804 (citations omitted). Unlike the defendants in the *Garcia* case, Defendants are charged with crimes that are economic in nature, *i.e.* the Hobbs Act robberies.

4