United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MELVIN LANDRY, JR., AND DOMINIQUE MARTIN,<br><br>    Defendants.<br>_____ / | No. C 13-00466 1, 2 JSW<br><br>**ORDER DENYING MOTION TO SEVER, WITHOUT PREJUDICE, AND GRANTING, AS MODIFIED, MOTION TO SET** ***JENCKS/BRADY/GIGLIO*** **DISCLOSURE DEADLINE**<br><br>**(Docket Nos. 293, 294, 308)** |

Now before the Court is the motion to set disclosure deadlines for *Jencks*, *Brady*, and *Giglio* material, filed by Defendant Dominique Martin ("Martin") and joined in by Defendant Melvin Landry, Jr. ("Landry"). (Docket Nos. 294, 308.) That motion is scheduled for a hearing on February 24, 2015.[1] (Docket Nos. 294, 308). Also before the Court, and ripe for consideration, is the motion for severance filed by Landry, which is scheduled for a hearing on March 10, 2015. (Docket No. 293.)

Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds each of these motions suitable for disposition without oral argument, and it VACATES the hearings on these motions.

//

//

---

[1] Defendant Edward Cursey Williams has not joined in this motion. However, at this juncture, he is scheduled for the same pretrial and trial dates as his co-defendants. The Court is strongly inclined to apply the same deadlines to Mr. Williams' case. However, it shall not do so absent a request from Mr. Williams or a stipulation between Mr. Williams and the Government.

**A.     The Court Denies Landry's Motion for Severance, Without Prejudice.**

Landry has moved to sever his case from Martin's case. There is a "preference" for joint trials. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). However, Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Landry argues that the Government intends to introduce inculpatory statements by Martin and, as such, he contends severance is required under *Bruton v. United States*, 391 U.S. 123 (1968). "[A] defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant." *Richardson v. Marsh*, 481 U.S. 200, 207 (citing *Bruton*, 391 U.S. at 135-36).[2] The Government has neither confirmed nor denied that Martin made statements that implicate Landry, and it states that, "at least at this juncture," it does not intend to introduce any such statements during its case-in-chief.

Because it is not clear that any such statements shall be introduced at trial, and because Landry has not met his burden to show that severance is required for any other reason, the Court DENIES his motion without prejudice. However, it shall set a deadline by which the Government shall disclose any inculpatory co-defendant statements, *i.e.* any *Bruton* statements, that it intends to introduce in its case-in-chief against Landry, Martin, or co-defendant Edward Cursey Williams, who at this juncture is scheduled to go to trial with Landry and Martin. The

---

[2] The *Richardson* Court limited *Bruton's* scope to exclude "statements that incriminate inferentially." *Gray v. Maryland*, 523 U.S. 185, 195 (1998) (citing *Richardson*, 481 U.S. at 208).

2

Court intends to set this deadline in advance of deadline for the parties' exchange of motions in limine, so that this issue can addressed, if necessary, at the pretrial conference.

Rule 14(b) provides that, "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Therefore, if the Government believes that, prior to disclosure any statements to the Defendants, the Court should review the statements *in camera*, it should submit an *ex parte* request to the Court, with the statements, by April 4, 2015.

**B.     The Court Grants, as Modified, the Motion to Set Deadlines for Disclosure.**

The parties have reached agreement on this motion. Accordingly, the Court GRANTS the motion, as modified by the parties' agreed upon schedule. It also sets forth the deadline for The following deadlines shall apply in this case:

The Government shall provide notice of any inculpatory co-defendant statements, *i.e.* any *Bruton* statements, that it intends to introduce in its case-in-chief against Landry, Martin, or co-defendant Edward Cursey Williams by April 11, 2015.

The Government shall provide notice of any 404(b) evidence by April 13, 2015.

The parties shall provide notices of any expert witnesses by April 13, 2015.

The parties shall meet and confer and reciprocally exchange witness lists and *Jencks* material by April 27, 2015. The parties shall submit a proposed protective order regarding any *Jencks* material by April 20, 2015.

The Government shall produce any *Giglio* or *Henthorn* material by May 18, 2015.

**IT IS SO ORDERED.**

Dated: February 11, 2015

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE