IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN LANDRY, JR., AND DOMINIQUE MARTIN,<br><br>Defendants. | No. C 13-00466 1, 2 JSW<br><br>**ORDER GRANTING, IN PART, MOTION TO STRIKE SURPLUSAGE, OR IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**<br><br>**(Docket Nos. 296, 308)** |

Now before the Court is the motion to strike surplusage or, in the alternative, for a bill of particulars, filed by Defendant Dominique Martin ("Martin") and joined in by Defendant Melvin Landry, Jr. ("Landry"). (Docket Nos. 296, 308.) The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion suitable for disposition without oral argument. Accordingly, the Court VACATES the hearing scheduled for February 24, 2015, and it GRANTS the motion, in part.

**BACKGROUND**

In the Fourth Superseding Indictment, the Government charges Landry and Martin with, *inter alia*, racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. section 1962(c), and RICO conspiracy. The Government alleges that Landry and Martin are part of the "Landry Crew" an "enterprise based in Oakland, California, and beyond." (Docket No. 191, Fourth Superseding Indictment ("Fourth SI") ¶ 1.) The Government also alleges that the Landry Crew is "affiliated with the larger Money Team gang

that also operates in and around Oakland, California, and beyond, as well as with other groups." (*Id.*)  Apart from this one reference to the Money Team gang, there are no other references to that gang in the Fourth SI.

Defendants move to strike the reference to the Money Gang gang as surplusage.  In the alternative, they have asked for a bill of particulars outlining the Money Team gang's connection to this case.

**ANALYSIS**

**A.   Applicable Legal Standards.**

"Upon the defendant's motion, the court may strike surplusage from the indictment or information."  Fed. R. Crim. P. 7(d).  Rule 7(d) is designed to protect a defendant from "immaterial or irrelevant" allegations that may be prejudicial.  *Id.*, advisory comm. notes; *see also United v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1987).  However, if the allegations are relevant, albeit prejudicial, it would not be an abuse of discretion to deny a motion to strike.  *See United States v. Laurienti*, 611 F.3d 530, 547 (9th Cir. 2010).

Rule 7(f) provides that "[t]he court may direct the filing of a bill of particulars."  "The bill of particular serves three functions: 'to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes.'"  *United States v. Geise*, 597 F.2d 1170, 1180-81 (9th Cir. 1979) (quoting *United States v. Birmley*, 529 F.2d 103, 108 (9th Cir. 1976)).  However, a defendant may not use a motion for a bill of particulars to obtain full discovery of the government's evidence.  *Geise*, 597 F.2d at 1181 (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars).  When a court is considering whether to order a bill of particulars, it "should consider whether the defendant has been advised adequately of the charges through the

indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984).

**B.     The Court Denies the Motion to Strike and Grants Defendants' Request for a Bill of Particulars.**

In its opposition, the Government argues that the allegations regarding the Money Team gang are relevant to proving up an enterprise and to proving up an agreement on the RICO charges in Counts One and Two. Based on the elements of those charges, the Court concludes that evidence relating to the Money Team gang may indeed be relevant. Further, on its face the term "Money Team gang" is not unduly prejudicial. Moreover, the jury will not be provided with a copy of the Fourth SI, which is not evidence. Accordingly, the Court DENIES the motion to strike.

Defendants attest that, based on their review of discovery, they have not seen any item "which would show or explain how the Government . . . would present evidence as to how the Landry Crew is allegedly affiliated with 'Money Team' and which individuals of Money Team allegedly have contact with [the] Landry Crew." (Docket No. 296-1, Declaration of Julia Jayne, ¶ 2.) The Government has not disputed Defendants' characterization of its disclosures in discovery.

It is true that Defendants are not entitled to full discovery of the Government's evidence. In addition, a bill of particulars is not warranted when its purpose is only to alert the defendants to all the evidence the government may wish to present at trial, *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963), and "[i]ts function is not to provide a defendant with names of government witnesses." *Id.* (citing *Duke v. United States*, 255 F.2d 721, 729 (9th Cir. 1958)); *see also Giese*, 597 F.2d at 1181. Therefore, the Court concludes that the Government need not identify every individual associated with the Money Team gang, who also may have been involved in the Defendants' alleged wrongdoing.

However, if the Government intends to introduce evidence regarding the Money Team gang at trial, in order to minimize surprise and to assist in the expeditious and efficient resolution of this matter, including preparation of motions in limine, the Court finds it

would be appropriate for the Government to provide a limited bill of particulars to the Defendants.

Accordingly, by no later than March 10, 2015, the Government shall file either: (1) a Notice stating that it will not present evidence relating to the Money Team gang at trial; or (2) a Bill of Particulars in which it outlines the specific manner in which the Money Team gang and the Landry Crew have associated with or are affiliated with one another.

**IT IS SO ORDERED.**

Dated: February 11, 2015



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4