**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MELVIN LANDRY, JR.,<br><br>　　　　Defendant.<br>_____/ | No. CR 13-00466-1 JSW<br><br>**ORDER DENYING MOTION TO SUPPRESS EVIDENCE**<br><br>**(Docket No. 290)** |

Now before the Court is the motion to suppress evidence filed by Defendant, Melvin Landry, Jr. ("Landry"), which is scheduled for a hearing on March 10, 2015. The Court has considered the parties' papers, relevant legal authority, the record in this case, and it finds the motion suitable for disposition without oral argument or an evidentiary hearing. The Court also concludes that no sur-reply is warranted.

The Court VACATES the hearing, and the Court DENIES Landry's motion.

**BACKGROUND[1]**

On March 11, 2011, at about 7:37 p.m., Oakland Police Officer Amie Rutten ("Officer Rutten") observed Landry driving a car northbound on Courtland Avenue. (Mot. Ex. A (Incident Report at ML-003557, ML-003562).)[2] Because the car did not have a rear license plate and the right tail light was out, Officer Rutten initiated a traffic stop. (*Id.* at ML-003562.)

---

[1] The following facts are undisputed unless otherwise noted.

[2] The Court notes that Landry submitted this unsigned Incident Report as an exhibit to his brief, but he did not provide a declaration purporting to authenticate it. *See* N.D. Crim. L.R. 2-1; N.D. Civ. L.R. 7-5(a). Because the Government has not objected to Landry's evidence, the Court shall consider it.

According to the police report, Officer Rutten "made contact with the driver" and "could smell a strong odor of fresh marijuana coming from the vehicle." (*Id.*) Officer Rutten stated "I observed E-1," which is listed as "[o]ne half smoked blunt of suspected marijuana" on the floorboard of the driver's side of the car. (*Id.* at ML-003562-63).

At some point, additional officers "responded to the scene for cover," and assisted Officer Rutten in arresting Landry, and his passenger, for the possession of the marijuana. (*Id.* at ML-003563.) Officer Rutten, based on training and experience, also stated that "I know that people who use drugs often have more drugs and try to hide those drugs when confronted by the police. I also know that drugs are often hidden in air vents of vehicles. I conducted a full search of [Landry's car] looking for more drugs incident to arrest," based on the suspected marijuana found on the floorboard. (*Id.* at ML-003563.)

During the search, Officer Rutten "notice[d] that the air vent in the center console ... was loose and protruding from the rest of the console (not flush with dashboard). I pulled out the loose piece and observed a handgun." (*Id.*) The officers arrested Landry for state law firearms offenses, and Landry admitted that the handgun was his. (*Id.*)[3]

## ANALYSIS

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated...." U.S. Const. amend IV.[4] In general, a search conducted without a warrant is considered unreasonable, unless it is justified by an exception. It is undisputed that Officer Rutten did not have a warrant to search Landry's vehicle. Therefore, "[t]he government must prove the existence of an exception to the Fourth Amendment Warrant Requirement by a preponderance of the evidence." *United States v. Vasey*, 834 F.2d 782, 785 (9th Cir. 1987). The Government relies on the automobile exception, which permits a "warrantless search of a vehicle if there is probable cause to believe that the vehicle contains evidence of a crime." *United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir.

---

[3] The parties do not explain how the handgun found during the search connects to the charges in this case.

[4] There is no dispute that Landry has standing to bring this motion.

2

United States District Court
For the Northern District of California

1   2010).  In order to determine whether probable cause exists, the Court examines the totality of
2   the circumstances.  *Id.*  To determine whether probable cause exists for a search, the Court asks
3   whether there is "a fair probability that contraband or evidence of a crime will be found in a
4   particular place."  *Illinois v. Gates,* 462 U.S. 213, 238 (1983).

5   Landry does not contest the initial traffic stop.  Rather, he argues that Officer Rutten
6   lacked probable cause to search his car.  Landry also argues that an evidentiary hearing is
7   warranted, based on the fact that Officer Rutten smelled "fresh" marijuana but found nothing
8   other than the half-smoked blunt on the floorboard.  The word "fresh" can be used either as an
9   adjective, to denote something that is "not altered by processing" or "having its original
10  qualities unimpaired," or as an adverb, to denote something that occurred "just recently."  *See*
11  Webster's New Collegiate Dictionary, at 455 (1979).  Although it is not clear how Officer
12  Rutten intended to use the word, the Court concludes that ambiguity alone does not undermine
13  Officer Rutten's credibility to the extent that an evidentiary hearing is necessary.

14  As noted, Landry has not challenged the validity of the initial traffic stop.  According to
15  the undisputed facts, the half-smoked blunt was in plain view.  Landry also puts forth no
16  evidence to challenge Officer Rutten's training and experience, which led to Officer Rutten's
17  conclusion that Landry's car would contain additional drugs.  Under the totality of the
18  circumstances, the Court concludes those facts gave Officer Rutten probable cause to search
19  Landry's car for drugs.  *See United States v. Garicia-Rodriguez*, 558 F.2d 956, 964 (9th Cir.
20  1977) (holding that "sighting and smell" of marijuana "during a valid investigatory stop" gave
21  rise to probable cause for search); *see also United States v. Zepeda-Orozco*, 82 Fed. Appx. 189,
22  190 (9th Cir. 2003).

23  //
24  //
25  //
26  //
27  //
28  //

3

For the foregoing reasons, the Court DENIES Landry's motion to suppress.

**IT IS SO ORDERED.**

Dated: February 23, 2015



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE