IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN LANDRY, JR., and DOMINIQUE MARTIN,<br><br>Defendants.<br>_____/ | No. CR 13-00466-1, 2 JSW<br><br>**ORDER ON MOTIONS IN LIMINE ADDRESSING PRIOR CONVICTIONS AND OTHER ACT EVIDENCE**<br><br>**(Docket No. 387, 391, 398-400, 425-426)** |

The parties have filed motions in limine, in which they ask the Court to address issues relating to the introduction of or exclusion of what the Court shall refer to generally as "other act" evidence. (*See* Docket Nos. 387, 391, 398-400, 425, and 426). The Court sets forth its rulings on those motions in this Order.

**1.    Defendant Dominique Martin's ("Martin") Motion in Limine No. 2: To Exclude Evidence of a Prior Conviction Under Rule 609 (Docket No. 387);**

**Martin's Motion in Limine No. 6: To Exclude Evidence of Alleged Other Crimes Pursuant to Rule 404(b) (Docket No. 391); and**

**Government's Motion in Limine No. 2: Prior Conviction is Admissible as Impeachment Evidence (Docket No. 426).[1]**

In these motions, Martin moves to exclude evidence of a prior conviction for impeachment purposes, and the Government has cross-moved to introduce that conviction if Martin testifies. Martin also seeks to exclude evidence of the circumstances surrounding two

---

[1] Landry joins in this motion, and he has filed a separate opposition to the Government's Motion in Limine No. 2.

prior arrests, on the basis that the this evidence is not admissible under Federal Rule of Evidence 404(b) and would be overly prejudicial and, thus, should be excluded pursuant to Rule 403. The Government cross-moves to admit the evidence under Rule 404(b).[2]

### 1. Prior Conviction for Assault with a Deadly Weapon.

Martin was convicted on April 22, 2009 for assault with a deadly weapon. "Evidence of a prior conviction may be admitted for impeachment purposes if the probative value out-weighs the prejudicial effect of admission." *United States v. Martinez-Martinez*, 369 F.3d 1076, 1086 (9thc Cir. 2004); *see also* Fed. R. Evid. 609. With respect to Martin's veracity, the prior conviction does not have the same impeachment value as a conviction that expressly involved dishonesty. *See, e.g., United States v. Alexander*, 48 F.3d 1477, 1488 (9th Cir. 1995). However, the conviction is fairly recent. *Id.* Although there are some similarities between the nature of the prior conviction and the charges relating to possessing a firearm during a crime of violence, the Court finds those similarities do not weigh against introducing evidence of the conviction. Finally, the Court concludes that if Martin were to testify, it is likely that his credibility will be a central issue in the case and his testimony will be an important aspect of the defense.

When the Court weighs the factors set forth in *Alexander*, it concludes that they weigh in favor of permitting the Government to impeach Martin with his prior conviction if he chooses to testify. However, in order to ameliorate any potential prejudice to Martin, the Court shall require the Government to impeach Martin only with the fact that he was previously convicted of a felony, and it shall not refer to the nature of the charge. *See, e.g., Martinez-Martinez*, 369 F.3d at 1086 (finding district court did not abuse discretion in permitting introduction of "sanitized" reference to prior conviction). In addition, the Court will give Ninth Circuit Model Jury Instruction 4.6 as part of its final instructions and, if Martin requests, at the conclusion of his testimony.

---

[2] Martin also argues that the Government failed to provide adequate notice. The Court DENIES Martin's motion to the extent it rests on lack of notice.

2

Accordingly, the Court DENIES Martin's motion to exclude evidence of this conviction, and it GRANTS, IN PART, the Government's cross-motion to introduce it.

### 2. The Prior Arrests.

Martin also seeks to preclude the Government from introducing evidence relating to the circumstances of an arrest that occurred on March 28, 2009, during which he and others were found in possession of firearms and ammunition. He also seeks to preclude the Government from introducing evidence of the circumstances of an arrest on February 20, 2009, for armed robbery, which resulted in the conviction, discussed in Section 1, for assault with a deadly weapon. The Government argues that this evidence is admissible, because it expects Martin to defend against the charges on the basis that the guns used in the charged counts either were replicas or were toy guns. Thus, the Government argues that the prior arrests go to the issues of knowledge, opportunity, and a lack of accident or mistake.

The Court has considered the parties' arguments. The Court GRANTS Martin's motion to exclude any evidence relating to these arrests on the basis that the probative value of such evidence is substantially outweighed both by unfair prejudice and would result in mini-trials that would waste the jury's time. *See* Fed. R. Evid. 403. The Court therefore DENIES the Government's cross-motion to introduce this evidence.

**2. Landry's Motion in Limine No. 1: To Exclude Social Media and Jail Call Evidence Under Federal Rule 404(b) (Docket No. 398); and**

**Government's Motion in Limine No. 1: Uncharged Crimes, Crimes Committed by Non-Trial Defendants and Other Acts are Admissible as Proof of the Charged Racketeering Enterprise (Docket No. 425).**

Landry moves to exclude evidence from social media posts. He also seeks to exclude evidence relating to telephone calls that he made while incarcerated. Landry argues that this evidence does not fall within any of the exceptions to Rule 404(b) and is overly prejudicial under Rule 403. The Government argues in its motion in limine that this evidence is inextricably intertwined with the charged crimes.

The Court will not make a blanket ruling on the admission or the exclusion of the type of evidence described in the parties' motion. With respect to the issue of the admission of

Landry's telephone calls, at this juncture, the Court cannot say they are more prejudicial than probative.

Accordingly, the Court DENIES the motions, and it will address requests to admit exhibits and testimony, and any objections thereto, during the course of the trial.

In its motion, the Government also seeks to admit evidence of circumstances surrounding two of Landry's prior arrests. Landry has filed a separate motion in limine seeking to exclude evidence relating to those arrests, which the Court resolves in the following section.

**3.  Landry's Motion in Limine No. 2: To Exclude Prior Incidents Under Rule 404(b) (Docket No. 399).**

In this motion, Landry moves to exclude evidence of the circumstances surrounding an arrest on March 21, 2011, for possession of a firearm and ammunition; (2) a December 2012 robbery of Gold Rush Jewelers in San Rafael, California; and (3) circumstances surrounding a May 2013 arrest for possession of ammunition.

The Government has not addressed the December 2012 robbery in opposition to Landry's motion. Accordingly, the Court GRANTS, IN PART, Landry's motion and shall exclude any exhibits or testimony relating to that robbery.

The Court concludes that the Government has made a sufficient showing that evidence relating to the arrests in 2011 and 2013 are inextricably intertwined with the charged offenses. Accordingly, the Court DENIES Landry's motion to exclude them.

**4.  Landry's Motion in Limine No. 3: To Exclude Prior Conviction (Docket No. 400).**

Neither Landry nor the Government has identified a specific conviction to be introduced at trial. Accordingly, the Court DENIES Landry's motion without prejudice, and it will revisit the issue, if necessary, before Landry decides whether or not he will testify in his defense.

**IT IS SO ORDERED.**

Dated: May 7, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4